Michelle R Burrows 86160
Attorney At Law
618 NW Glisan Suite 203
Portland, OR 97309
503-241-1955
503-241-3127
mrburrows@qwestoffice.net
       Attorney for Plaintiff

## IN THE UNITED STATE DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALEXANDER BISTRIKA, Jr.,<br>ALEXANDER BISTRIKA, Sr.,<br>LIDIA BISTRIKA, OLGA BISTRIKA,<br>SVETLANA BISTRIKA, and<br>TETIANA BISTRIKA<br><br>       Plaintiffs,<br><br>   vs.<br><br>DEPUTY NICHOLAS HUNTER,<br>DEPUTY ANASTASIA LUCCA,<br>DEPUTY TIM BEAVER, DEPUTY DAVE<br>WATKIN, DEPUTY CODY LANE, JOHN<br>AND JANE DOES, #1-12, sheriff office<br>employees, MARION COUNTY, by and<br>through the Marion County Sheriff's Office, a<br>political subdivision of the State of Oregon,<br>CITY OF SALEM, by and through the Salem<br>Fire Department, a political subdivision of the<br>State of Oregon, JOHN and JANE DOES #13-<br>20, Salem Fire Department employees.<br><br>       Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>FIRST AMENDED COMPLAINT<br>TO CORRECT TYPOGRAPHICAL ERRORS<br>Civil Rights Violations;<br>4th/14th Amendment<br>Arrest without Probable Cause;<br>Unreasonable Use of Force; Malicious<br>Prosecution; Assault/Battery;<br>Intentional Infliction of Emotional<br>Distress; Negligence<br><br>42 U.S.C. 1983<br><br><br>Jury Trial Demanded |

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorney, Michelle Burrows, Attorney at Law, bring their complaint herein and state and allege as follows:

### GENERAL ALLEGATIONS

### INTRODUCTORY STATEMENT

1.

This action is filed by Plaintiffs under 42 U.S.C. § 1983 and ORS 30.265, for events occurring on or about July 25, 2009, alleging arrest without probable cause, unreasonable use of force, malicious prosecution, assault and battery, intentional infliction of emotional distress, and negligence in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

2.

This court has jurisdiction over Plaintiffs' claims of violations of federal Constitutional Rights under 28 U.S.C. §§ 1331 and 1343.

3.

Venue is proper under 28 U.S.C. § 1391(b), in that one or more of the defendants reside in the District of Oregon and Plaintiffs' claims for relief arose in this district.

4.

The court has supplemental jurisdiction over Plaintiffs' pendent state law claims under 28 U.S.C. § 1367.

/ / /

/ / /

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 2 - FIRST AMENDED  COMPLAINT

**PARTIES**

5.

At all material times Plaintiff Alexander Bistrika, Jr. (hereinafter "Plaintiff Alex Jr.") was a resident of the City of Corvallis, Benton County, Oregon.

6.

At all material times Plaintiff Alexander Bistrika Sr. (hereinafter "Plaintiff Alex Sr.") was a resident of the City of Salem, Marion County, Oregon.

7.

At all material times Plaintiff Lidia Bistrika (hereinafter "Plaintiff Lidia") was a resident of the City of Salem, Marion County, Oregon.

8.

At all material times Plaintiff Olga Bistrika (hereinafter "Plaintiff Olga") was a resident of the City of Corvallis, Benton County, Oregon.  Olga was a minor at the time of the incident.

9.

At all material times Plaintiff Svetlana Bistrika (hereinafter "Plaintiff Svetlana") was a resident of the City of Corvallis, Benton County, Oregon.

10.

At all material times, Plaintiff Tetiana Bistrika (hereinafter "Plaintiff Tetiana") was a resident of the City of Corvallis, Benton County, Oregon.

///

///

///

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

11.

At all material times Defendant Nicholas Hunter was a law enforcement officer working under color of law for the Marion County Sheriff's Office, an entity of Marion County, Oregon. Defendant Hunter is sued in his individual capacity.

12.

At all material times, Defendant Anastasia Lucca was a law enforcement officer working under the color of law for the Marion County Sheriff's Office, an entity of Marion County, Oregon.  Defendant Lucca is sued in her individual capacity.

13.

At all material times Defendant Tim Beaver was a law enforcement officer working under the color of law for the Marion County Sheriff's Office, an entity of Marion County, Oregon.  Defendant Beaver is sued in his individual capacity.

14.

At all material times Defendant Dave Watkin was a law enforcement officer working under the color of law for the Marion County Sheriff's Office, an entity of Marion County, Oregon.  Defendant Watkin is sued in his individual capacity.

15.

At all material times Defendant Cody Lane was a law enforcement officer working under color of law for the Marion County Sheriff's Office, an entity of Marion County, Oregon. Defendant Lane is sued in his individual capacity.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

16.

Defendant Does are individuals whose identities are not now known to Plaintiffs and through diligent inquiry will be identified and individually named when so discovered. Defendant Does are sued in their individual capacity.

17.

At all material times, Defendant Marion County was a political subdivision of the State of Oregon.  As a local government entity, Defendant Marion County is a suable person under 42 U.S.C. § 1983.  At all times relevant to this Complaint, Defendant Marion County employed Defendant Hunter, Defendant Lucca, Defendant Beaver, Defendant Watkin, Defendant Lane, and Defendant Does #1-12.  At all times relevant to this Complaint, Defendant Hunter, Defendant Lucca, Defendant Beaver, Defendant Watkin, Defendant Lane, and Defendant Does #1-12 were acting pursuant to Defendant Marion County's laws, customs, and/or policies.  As the employer of Defendant Hunter, Defendant Lucca, Defendant Beaver, Defendant Watkin, Defendant Lane, and Defendant Does #1-12, Defendant Marion County is vicariously liable for all of the tortuous and unconstitutional acts and omissions of the defendants committed within the course and scope of their employment, pursuant to ORS 30.265.

18.

At all material times City of Salem was a political subdivision of the State of Oregon.  As a local governmental entity, Defendant City of Salem is a suable person under 42 U.S.C. § 1983. At all times relevant to this Complaint, Defendant City of Salem employed Defendant Does #13-20.  At all times relevant to this Complaint, Does #13-20 were acting pursuant to Defendant City of Salem's laws, customs, and/or policies.  As the employer of Defendant Does #13-20,

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 5 - FIRST AMENDED  COMPLAINT

Defendant City of Salem is vicariously liable for all of the tortuous and unconstitutional acts and omissions of the defendants committed within the course and scope of their employment, pursuant to ORS 30.265.

19.

All Defendants acted under color of state law at all times relevant to this Complaint.

20.

Plaintiffs are entitled to an award of attorneys fees and costs, pursuant to 42 U.S.C. § 1988.

**FACTUAL ALLEGATIONS**

21.

All plaintiffs are members of the same immediate family.   Plaintiff Alex Sr. and Plaintiff Lidia are the father and mother of Plaintiffs Alex Jr., Svetlana, and Olga.  Plaintiff Tetiana is Plaintiff Alex Jr.'s wife. Plaintiff Tetiana was sixth months pregnant at the time of the incident.

22.

On or about July 25, 2009, Plaintiff Alex Jr. and Plaintiff Tetiana were having dinner with Plaintiff Alex Sr. and Lidia, at the home of Plaintiff Alex Sr. and Plaintiff Lidia at 115 95th Ave NE, Salem, Oregon.  Plaintiff Alex Sr. and Plaintiff Lidia own 10 acres of land in NE Salem.  The property has a Christmas tree farm and a large 25-foot pond.  After dinner, Plaintiff Alex Jr. felt ill after eating some bad fish. He left the table to go outside and not disturb his family.

/ / /

/ / /

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

23.

Plaintiffs Alex Sr. and Lidia went to bed early.  The night was hot and Plaintiff Alex Jr. went for a long walk to try and feel better.  Before Plaintiff Alex Jr. left for the walk, he told his mother that he wanted to go down to the pond. Later that night, Plaintiff Lidia went to check on Plaintiff Alex Jr. She could not find him and assumed he had gone to the pond and drowned.

24.

Plaintiffs Lidia and Tetiana went to the pond to look for Plaintiff Alex Jr.  The pond sits a few hundred feet from the house.  From his bedroom, Plaintiff Alex Sr. heard Plaintiffs Lidia and Tetiana yelling for him.  He came outside and when he realized that Plaintiffs Lidia and Tetiana were looking for Plaintiff Alex Jr. by the pond, he went to get a backhoe to use the floodlights for vision.  He was unable to unlock the backhoe, and told Plaintiffs Lidia and Tetiana to call 9-1-1.

25.

Plaintiff Lidia called 9-1-1.  At this time, Plaintiffs Svetlana and Olga were driving towards their parents' house for a surprise visit.  Plaintiff Svetlana and Plaintiff Olga had been in contact with Plaintiff Alex Jr. after he went for a walk.  On their way to the house, they picked him up and continued home.

26.

Defendant Lane was the first officer on the scene.  When Defendant Lane arrived, Plaintiffs Alex Sr., Lidia, and Tetiana were at the pond, still looking for Plaintiff Alex Jr. Defendant Lane parked his patrol car near the pond and slightly to the east of the driveway.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Plaintiffs Lidia and Tetiana tried to explain what had happened, but both were very emotional and both speak English with a very heavy Russian accent.

27.

Plaintiffs Svetlana, Olga, and Alex Jr. pulled up and parked at or about 50 feet behind Defendant Lane's patrol car, in front of where the fire trucks eventually parked.

28.

Defendant Lucca was the second deputy on the scene, followed shortly by Defendant Hunter. Upon seeing Plaintiff Alex, Jr., Plaintiff Tetiana ran to him. Plaintiffs Lidia, Alex Jr. and Tetiana stood by Defendant Lane's patrol car, while Plaintiff Svetlana approached Defendant Lane and told him that Plaintiff Alex Jr. was the brother who had allegedly drowned. Plaintiff Svetlana told Defendant Lane that he, Defendant Lucca, and Defendant Hunter could go.

29.

Defendant Lane told Plaintiff Svetlana that she should not tell him "what the f*** to do." Defendant Lucca then approached Plaintiff Lidia, grabbed Plaintiff Lidia by her upper arm, and ordered her to answer questions. Defendant Lucca knew Plaintiff Lidia from a previous working relationship. In fact, Defendant Lucca had engaged in a several month pattern of abuse, harassment, and racial-based slurs against Plaintiff Lidia. That night, Plaintiff Lidia was visibly upset and in no condition to answer any questions. Recognizing this, Plaintiff Svetlana told her mother to go into the house, and told Defendants Lane, Lucca, and Hunter to leave. Plaintiff Svetlana and Plaintiff Lidia turned to go to the house, and Defendant Lucca ran after Plaintiff Svetlana. Defendant Lucca grabbed Plaintiff Svetlana's left arm, and Plaintiff Svetlana reflexively pulled her arm away. Defendant Lucca told her that she was under arrest. Plaintiff

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Svetlana asked why, and Defendant Lucca told Plaintiff Svetlana that she was interfering with the investigation. Plaintiff Svetlana asked what investigation Defendant Lucca was talking about. She then turned away and began to walk towards the house again, following her father.

30.

As Plaintiff Svetlana walked with her father towards the house, Defendant Hunter ran up and grabbed her by the wrist. He twisted her wrist and Plaintiff Svetlana flinched from the pain. Defendant Hunter told her to stop resisting, and she told him that she was not resisting, but that he was hurting her. Defendant Hunter handcuffed Plaintiff Svetlana. Defendant Lucca yelled to the group, "You are all under arrest!"

31.

After Defendant Lucca announced that the family was under arrest, the Bistrikas became worried. Plaintiff Alex Jr. stepped forward, holding Plaintiff Tetiana, and asked Defendant Hunter why he was arresting his sister. In response, the officers turned towards Plaintiff Alex Jr., who was standing at or about twenty feet away, and moved towards him and his pregnant wife.

32.

Defendant Lane grabbed Plaintiff Tetiana and threw her to the ground. Defendant Lane and Defendant Hunter spun Plaintiff Alex Jr. around. Defendant Hunter did a leg sweep and Plaintiff Alex Jr. fell to the ground. At approximately the same time, Defendant Lucca discharged the prongs of her taser weapon into Plaintiff Alex Jr.'s back. The charge debilitated Plaintiff Alex Jr., and his body seized up. Defendant Hunter fell on top of Plaintiff Alex Jr., and Defendants Hunter and Lane brought Plaintiff Alex Jr.'s arms behind his back and handcuffed

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

him.  Defendant Hunter was on his knees on top of a handcuffed Plaintiff Alex Jr. while

Defendant Lucca discharged the taser weapon at least 7-9 more times in the drive stun mode.

The taser reports show that the taser was going off for over a minute.

33.

Plaintiff Tetiana was on the ground, begging the officers to stop hurting her husband.

Defendant Lane grabbed Plaintiff Tetiana.  He pulled her arms behind her and put his knee on

her back to force her down in an attempt to arrest her.  Plaintiff Alex Sr. shouted, "Don't touch

her – she's pregnant!"  Defendant Lane dropped Plaintiff Tetiana, drew his service revolver and

took a shooting stance facing Plaintiff Alex Sr. Defendant Lane told Plaintiff Alex Sr., "Stay

where the f*** you are or I will shoot you!"  Plaintiff Alex Sr. raised his hands and stood still.

34.

Watching the tasing of her son, Plaintiff Lidia thought that the officers were killing

Plaintiff Alex, Jr.  She ran forward, asking them to stop hurting him.  Defendant Lane turned his

attention to Plaintiff Lidia, grabbed her, and slammed her against the hood of his patrol vehicle

until she was dazed.  Disoriented, Plaintiff Lidia stood up and asked why she was being arrested.

Defendant Lane replied, "Shut up, drunk lady."  He shoved her in the back seat of the patrol car,

striking her head on the roof in the process.  Plaintiff Lidia, a long-time diabetic, began to go into

diabetic shock as a result of the stress of the situation.

35.

Plaintiff Olga was standing by the car and stepped forward to ask the officers to not hurt

her mother.  Defendant Lane pointed at Plaintiff Olga and told her, "Shut the f*** up and back

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

off. You're next." Olga was handcuffed by an unknown officer. She was taken to jail by Defendant Watkin and Defendant Beaver.

36.

Plaintiff Svetlana was in Defendant Lane's patrol vehicle, until Defendant Lane came to take her to another patrol vehicle. Defendant Lane walked Plaintiff Svetlana to the other vehicle, made her stop, and stood behind her. He ran his hands along her hips over her stomach. He pulled her shirt up and ran his hands along her bare midriff and underneath her bra. He forced her into the patrol vehicle, and grabbed the back of her neck violently, saying, "I'm sick of you." Plaintiff Svetlana later went to the hospital to have her neck examined.

37.

All the Bistrikas except for Plaintiff Tetiana were arrested and taken to jail. Plaintiff Lidia was unconscious upon arrival, due to the serious blow to her head and a diabetic reaction to stress. The Salem Fire Department was called by jail staff to address her medical needs. The responding EMTs treated Plaintiff Lidia abusively both physically and verbally. While she was unconscious, the EMTs performed a procedure that involved rubbing Plaintiff Lidia's chest so vigorously that it left some serious bruising and a large red area where the skin was rubbed off. This site later became infected. Lidia was transported to the hospital. During the ambulance ride, Plaintiff Lidia was physically and verbally abused. An IV was started in her hands, even though she explained to the EMTs that the IVs needed to be started in her upper arms to avoid blook clots, a condition for which she was in danger. The EMTs did not wear latex gloves or any other protection during any of these procedures. Plaintiff Lidia was placed in the psychiatric ward at the hospital and left there.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

38.

Upon discovering that Plaintiff Olga was a minor, she was released to the parents of a friend by Defendants Watkin and Beaver.  The rest of the Plaintiffs, except for Plaintiff Tetiana who had been left alone at the property, were detained until the morning.

39.

Plaintiff Alex Sr. and Plaintiff Olga were charged with Interfering with a Peace Officer, Resisting Arrest, Disorderly Conduct, and Rioting.  Plaintiff Lidia was charged with Interfering with a Peace Officer, Resisting Arrest, and Disorderly Conduct.  The charges against Plaintiff Alex Sr., Plaintiff Lidia, and Plaintiff Olga were almost immediately dismissed.  Plaintiff Alex Jr. and Plaintiff Svetlana were charged with Resisting Arrest, Disorderly Conduct, Rioting, Interfering with a Peace Officer, Attempting to Assault a Public Safety Officer, and Harassment. Plaintiff Tetiana was not charged with any crimes.  In September 2010, Plaintiffs Svetlana and Alex Jr. were convicted of various charges, and spent time in jail.

## PLAINTIFF ALEXANDER BISTRIKA, JR.

**FIRST CLAIM FOR RELEIF:  Arrest without Probable Cause**
**42 U.S.C. § 1983 4th and 14th Amendment Violations by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12**

40.

Plaintiff Alex Jr. realleges paragraphs 1 through 39 inclusive as if more fully set forth herein.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

41.

Plaintiff is entitled to be free from unlawful seizure and confinement of his person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.

42.

The acts and omissions of Defendants in grabbing Plaintiff Alex Jr., tasing him, throwing and pinning him to the ground, handcuffing him, then tasing him 7-9 times, when no evidence of the commission of a crime was present, violated Plaintiff Alex Jr.'s protected rights against seizure of his person without probable cause, were objectively unreasonable based on the totality of the circumstances and amounted to deliberate indifference to Plaintiff Alex Jr's protected rights.  Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Alex Jr. to the integrity of his person and his right to be free from unlawful arrest.

43.

The specific acts of Defendants Lane, Hunter, Lucca, Beaver, Watkin, and Does #1-12, individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

1.      Defendant Lucca shouted, "You are all under arrest!" which was an unlawful arrest without probable cause;

2.      Defendants Lane, Hunter and Lucca knowingly and unlawfully grabbed Plaintiff Alex Jr., which was objectively unreasonable under the circumstances presented to the officers including, without limitation, that, at the time of the attack, Plaintiff Alex Jr. had been standing twenty feet away, holding his pregnant wife, and no weapons were visible on Plaintiff Alex Jr. Defendants Lane, Hunter, and Lucca assisted in and did throw Plaintiff Alex Jr. to the ground,

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

pinned him down, handcuffed him, and deployed a taser weapon at least 7-9 times to his person. Such action was objectively unreasonable under the circumstances presented to the officers including, without limitation, that Plaintiff Alex Jr. had been debilitated by the first full charge of the taser gun and no weapons were visible on his person. This constituted an arrest without probable cause of any criminal activity; and

3.       The act of handcuffing and placing Plaintiff Alex Jr. in a police vehicle without probable cause was objectively unreasonable.

44.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

45.

As a result of these Constitutional violations, Plaintiff Alex Jr. suffered physical, mental, and emotional injury. The extent of Plaintiff Alex Jr.'s damages will be more fully proven at trial.

**SECOND CLAIM FOR RELIEF: Unconstitutional Use of Force**
**42 U.S.C. § 1983 Violation of 4th Amendment by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12**
**Unreasonable Use of Force**

46.

Plaintiff Alex Jr. realleges paragraphs 1 through 45 as if more fully set forth herein.

/ / /

/ / /

/ / /

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 14 - FIRST AMENDED  COMPLAINT

47.

Plaintiff is entitled to be free from unlawful seizure of his person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution. Plaintiff is also entitled to be safe and secure from undue and unreasonable force.

48.

The acts and omissions of Defendants in grabbing Plaintiff Alex Jr., tasing him, throwing him to the ground, and tasing him again multiple times after he was handcuffed and pinned to the ground when no evidence of present danger to the officers or to others was present violated Plaintiff Alex Jr.'s protected rights, were an excessive seizure of his person without probable cause, were objectively unreasonable based on the totality of the circumstances and amounted to deliberate indifference to Plaintiff Alex Jr.'s protected rights. Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Alex Jr. to the integrity of his person and his right to be free from excessive unconstitutional use of force.

49.

The specific actions of Defendant Lucca, Lane, Hunter, Beaver, Watkin, and Does #1-12, individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

1.    The officers used a taser weapon and extreme physical force against Plaintiff Alex Jr. which was objectively unreasonable under the circumstances presented to the officers including, without limitation, that at the time of the attack, Plaintiff Alex Jr. had been standing over twenty feet away and holding his pregnant wife, and the officers knew or had reason to know that Plaintiff Alex Jr. present no clear and imminent danger to themselves or others;

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

2.      The officers knew or should have known that Plaintiff Alex Jr. could have been taken into custody without any use of force or that actions utilizing significantly less force could have been used effectively to detain Plaintiff Alex Jr.;

3.      The officers had no objectively reasonable set of facts to believe that at the time Plaintiff Alex Jr. was grabbed, tased, thrown to the ground, handcuffed and tased again, Plaintiff Alex Jr. was presently and imminently a danger to themselves or others.

4.      The officers failed to utilize an objectively reasonable assessment of the facts when they decided to use taser weapons against Plaintiff Alex Jr., and ultimately used excessive force against Plaintiff Alex Jr., even after observing that he was pinned to the ground, debilitated and handcuffed, unarmed, and not presenting any objective danger to others or themselves; and

5.      None of the officers attempted to use a degree of force less than excessive physical force and the choice to use such lesser degree of force was objectively reasonable under the circumstances, especially considering that there was no need for *any* level of force under the circumstances.

50.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

51.

As a result of the violations of the Constitutional standards set forth herein, Plaintiff Alex Jr. suffered significant physical injuries, including being debilitated upon receiving the first taser charge, the physical damage done to his body by being charged with 50,000 volts of

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 16 - FIRST AMENDED  COMPLAINT

electricity 7-9 times, as well as emotional and mental trauma.  The extent of Plaintiff Alex Jr.'s

damages will be more fully proven at trial.

## SUPPLEMENTAL STATE CLAIMS

### THIRD CLAIM FOR RELIEF: Battery
**Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County**

52.

Alex Jr. realleges paragraphs 1 through 51 as if more fully set forth herein.

53.

Oregon law mandates that all public employees be sued through their employer the public

entity.  Oregon law mandates that the real party in interest in such actions is the public employer.

Plaintiffs may also sue the individual officer.

54.

Plaintiff Alex Jr. alleges that on or about July 25, 2009, he was subject to battery by

Defendants Hunter, Lucca, Lane, Beaver, Watkin, and Does #1-12, in the following manner:

1.    Defendants grabbed Plaintiff Alex Jr. while he was standing next to his pregnant

wife, and forced him to the ground while tasering him;

2.    Defendants pinned Plaintiff Alex Jr. to the ground after debilitating him with the

first taze, and handcuffed him; and

3.    Defendants continued to taze Plaintiff Alex Jr. at least 7-9 times after he was

pinned to the ground and handcuffed.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 17 - FIRST AMENDED  COMPLAINT

55.

Defendants' conduct was an intentional, voluntary act, which caused unpermitted harmful and offensive contact with Plaintiff Alex Jr.

56.

Each of the actions described in paragraph 54 were performed by the Defendants while they were on duty, in uniform, carrying a badge and a weapon, and driving a marked Marion County Sheriff's Department's patrol vehicle.

57.

As a result of the course of conduct by Defendants, Plaintiff Alex Jr. has suffered severe mental, physical, and emotional damage.  The extent of Plaintiff Alex Jr.'s damages will be more fully proven at trial.

**FOURTH CLAIM FOR RELIEF: Assault**
**Defendants Hunter, Lucca, Lane, Beaver, Watkin, Does #1-12, and County**

58.

Plaintiff Alex Jr. realleges paragraphs 1 through 57 as if more fully set forth herein.

59.

Plaintiff Alex Jr. alleges that on or about July 25, 2009, he was subject to assault by Defendants Hunter, Lucca, Lane, Beaver, Watkin, and Does #1-12 in the following manner:

1.    Defendants threatened Plaintiff Alex Jr. while he was standing next to his pregnant wife, thereby showing an intent to cause hostile contact;

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

2.      Defendants came towards Plaintiff Alex Jr. in a violent manner while Plaintiff Alex Jr. was standing next to his pregnant wife, showing an intent to cause hostile contact; and

3.      Defendants grabbed Plaintiff Alex Jr., tased him, pinned him to the ground, handcuffed him and continued to use the taser weapon 7-9 times on his person after he was debilitated.

60.

This conduct was an intended to cause hostile contact with Plaintiff Alex Jr., and placed Plaintiff Alex Jr. in extreme fear and caused great and serious physical and emotional damage.

61.

Each of the incidents described in paragraph 59 above were conducted by Defendants while they were on duty, in uniform, carrying a badge and weapon, and driving a marked Marion County Sheriff's Department patrol vehicle or City of Salem Fire Department vehicle.

62.

As a result of the course of conduct by Defendants, Plaintiff Alex Jr. suffered severe mental, physical and emotional damage.  The extent of Plaintiff Alex Jr.'s damages will be more fully proven at trial.


**FIFTH CLAIM FOR RELIEF:  Intentional Infliction of Emotional Distress**
**Defendants Lucca, Lane, Hunter, Beaver, Watkin, Does #1-12, County, City of Salem, and Does #13-20**

63.

Plaintiff Alex Jr. realleges paragraphs 1 through 62 as though fully set forth herein.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 19 - FIRST AMENDED  COMPLAINT

64.

Plaintiff Alex Jr. alleges that on or about July 25, 2009, he was subject to intentional infliction of emotional distress by Defendants Lucca, Lane, Hunter, Beaver, Watkin and Does #1-20, in the following manner:

1.    Defendants threw Plaintiff Alex Jr's pregnant wife to the ground in Plaintiff Alex Jr.'s view and presence;

2.    Defendants handcuffed and physically and verbally harmed Plaintiff Alex Jr's father, mother, wife and sisters in Plaintiff Alex Jr's view and presence; and

3.    Defendants harmed Plaintiff Alex Jr., causing him extreme emotional harm.

65.

Defendants' conduct was outrageous in the extreme and Defendants acted intentionally to inflict severe emotional distress.

66.

Each of the incidents described in paragraph 64 above were conducted by Defendants while they were on duty, in uniform, carrying a badge and weapon, and driving a marked Marion County Sheriff's Department patrol car or City of Salem Fire Department vehicle.

67.

As a result of Defendants' actions, Plaintiff Alex Jr. suffered severe emotional distress, including depression and anxiety.  The extent of Plaintiff Alex Jr.'s damages will be more fully proven at trial.

/ / /

/ / /

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

**PLAINTIFF ALEXANDER BISTRIKA, SR.**

**SIXTH CLAIM FOR RELIEF: Arrest without Probable Cause**
**42 U.S.C. § 1983 Violation of 4th and 14th Amendment by Defendants Hunter, Lucca,**
**Beaver, Lane, Watkin, and Does #1-12**

68.

Plaintiff Alex Sr. realleges paragraphs 1 through 67 as if more fully set forth herein.

69.

Plaintiff is entitled to be free from unlawful seizure and confinement of his person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.

70.

The acts and omissions of Defendants Lucca, Hunter, Beaver, Lane, Watkin, and Does #1-12, in arresting Plaintiff Alex Sr., when no evidence of probable cause was present to the officers or to others present, violated Plaintiff Alex Sr.'s protected rights against seizure of his person without probable cause, were objectively unreasonable based on the totality of the circumstances, and amounted to a deliberate indifference to Plaintiff Alex Sr.'s protected rights. Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Alex Sr. to the integrity of his person and his right to be free from unlawful arrest.

71.

The specific acts of Defendants Lane, Hunter, Lucca, Beaver, Watkin, and Does #1-12, individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

1.     Defendant Lucca shouted, "You are all under arrest!" creating a reasonable apprehension that force would be used to effectuate confinement, which was objectively unreasonable under the circumstances;

2.     Defendant Lane pointed his pistol at Plaintiff Alex Sr., and took a shooting stance, while telling Plaintiff Alex Sr. that if he moved, he would be shot. This action was objectively unreasonable under the circumstances presented to the officers including, without limitation, that Plaintiff Alex Sr. was only asking Defendant Lane to not hurt Plaintiff Tetiana, Plaintiff Alex Sr. was barefoot and in his pajamas, no weapons were visible on Plaintiff Alex, Sr., and there was no cause to believe that Plaintiff Alex Sr. was a threat to the officers or others present or had committed any crime;

3.     Defendants handcuffed Plaintiff Alex Sr. and forced him into a Marion County Sherriff's Department patrol vehicle, which was objectively unreasonable under the circumstances presented to the officers, including, without limitation, that Plaintiff Alex Sr. was presenting no threat to Defendants or others present and had not committed any crimes; and

4.     There was no need or lawful basis to arrest Plaintiff Alex Sr. under the circumstances then present. The circumstances then present did not warrant the use of force or the detention of individuals.

72.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 22 - FIRST AMENDED  COMPLAINT

73.

As a result of these Constitutional violations, Plaintiff Alex Sr. suffered physical and emotional injuries.  The extent of Plaintiff Alex Sr.'s damages will be more fully proven at trial.

**SEVENTH CLAIM FOR RELIEF: Unconstitutional Use of Force**
**42 U.S.C. § 1983 Violation of 4th and 14th Amendment by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12**
**Unreasonable Use of Force**

74.

Plaintiff Alex Sr. realleges paragraphs 1 through 73 as if more fully set forth herein.

75.

Plaintiff is entitled to be free from unlawful seizure of his person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.  Plaintiff is also entitled to be safe and secure from undue and unreasonable force.

76.

The actions and omission of Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12, in pointing a pistol at Plaintiff Alex Sr., threatening to shoot him, handcuffing him and forcing him into the Marion County Sheriff's Department patrol car, when no evidence of present danger to the officers or to others was present violated Plaintiff Alex Sr.'s protected rights and were an excessive seizure of his person without probable cause, were objectively unreasonable based on the totality of the circumstances and amounted to deliberate indifference to Plaintiff Alex Sr.'s protected rights.  Defendants violated the requirements of the 4th and 14th

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Amendment rights held by Plaintiff Alex Sr. to the integrity of his person and his right to be free from excessive unconstitutional use of force.

77.

The specific actions of Defendants Lucca, Lane, Hunter, Beaver, Watkin, and Does #1-12, individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

1.    The officers pointed a deadly weapon at Plaintiff Alex Sr. and threatened to shoot him, which was objectively unreasonable under the circumstances presented to the officers including, without limitation, that Plaintiff Alex Sr. was standing away from the officers, and the officers knew or had reason to know that Plaintiff Alex Sr. presented no clear and imminent danger to themselves or others;

2.    The officers knew or should have known that Plaintiff Alex Sr. should not have been taken into custody as he had committed no crimes and any use of force was per se unreasonable;

3.    The officers failed to utilize an objectively reasonable assessment of the facts when they decided to threaten Plaintiff Alex Sr. with deadly force, handcuff him, and force him into the patrol car, even after observing that Plaintiff Alex Sr. was unarmed, and not presenting any objective danger to others or themselves; and

4.    None of the officers attempted to use a degree of force less than excessive physical force and the choice to use lesser degree of force was objectively reasonable under the circumstances, especially considering that there was no need for *any* level of force under the circumstances.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 24 - FIRST AMENDED  COMPLAINT

78.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

79.

As a result of the violations of the Constitutional standards set forth herein, Plaintiff Alex Sr. suffered physical and emotional injuries.  The extent of Plaintiff Alex Sr.'s damages will be more fully proven at trial.

**EIGHTH CLAIM FOR RELIEF: Malicious Prosecution**
**42 U.S.C. § 1983 Violation of the 4th and 14th Amendments by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12**

80.

Plaintiff Alex Sr. realleges paragraphs 1 through 79 as if more fully set forth herein.

81.

Plaintiff is entitled to be free from initiation of criminal proceedings from an improper motive and without probable cause pursuant to the parameters of the 4th and 14th Amendments of the United States Constitution.  Plaintiff Alex Sr. was charged with crimes that were subsequently dismissed.

82.

The acts and omissions of Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12, in charging Plaintiff Alex Sr. with various criminal charges when no evidence of probable cause existed to prosecute the action, violated Plaintiff Alex Sr.'s protected rights and were objectively unreasonable based on the totality of the circumstances, and amounted to deliberate

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

indifference of Plaintiff Alex Sr.'s protected rights.  Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Alex Sr. to be free from malicious prosecution.

83.

The specific acts of Defendants Hunter, Lane, Lucca, Beaver, and Does #1-12, individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

1.    Plaintiff Alex Sr. was taken into custody by Defendants when no evidence of present danger to the officers or to others was present; and

2.    Plaintiff Alex Sr. was charged with various criminal activities without probable cause, and the commencement of the proceedings arose from an improper motive and with a primary purpose other than that of securing an adjudication of the claim.

84.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law, but was illegal per se.

85.

As a result of these Constitutional violations, Plaintiff Alex Sr. suffered physical, emotional and mental injury.  The extent of Plaintiff Alex Sr.'s damages will be more fully proven at trial.

## SUPPLEMENTAL STATE CLAIMS

### NINTH CLAIM FOR RELIEF: Malicious Prosecution
### Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

86.

Plaintiff Alex Sr. realleges paragraphs 1 through 85 as if more fully set forth herein.

87.

Oregon law mandates that all public employees be sued through their employer the public entity. Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officers.

88.

Plaintiff Alex Sr. alleges that on or about July 25, 2009, he was subject to malicious prosecution by the above-named defendants in the following manner:

1.      Plaintiff Alex Sr. was charged with Interfering with a Peace Officer, Resisting Arrest, Disorderly Conduct, and Rioting;

2.      All charges were almost immediately dropped against Plaintiff Alex. Sr. by the above-named defendants.

89.

Defendant's conduct was instituted by defendants with malice, as there was no criminal action on the behalf of Plaintiff Alex Sr. that needed to be brought to justice. Defendants acted with a subjective intent to cause harm to Plaintiff Alex Sr. by subjecting Plaintiff Alex Sr. to an unjustifiable prosecution.

90.

As a result of Defendants' conduct, Plaintiff Alex Sr. incurred mental anguish, inconvenience, embarrassment and humiliation. The extent of Plaintiff Alex Sr.'s damages will be more fully determined at trial.

## TENTH CLAIM FOR RELIEF: Battery
### Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 27 - FIRST AMENDED  COMPLAINT

91.

Plaintiff Alex Sr. realleges paragraphs 1 through 91 as if more fully set forth herein.

92.

Oregon law mandates that all public employees be sued through their employer the public entity.  Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

93.

Plaintiff Alex Sr. alleges that on or about July 25, 2009, he was subject to battery by Defendants Hunter, Lucca, Lane, Beaver, Watkin, and Does #1-12, in the following manner:

1.      Defendants grabbed Plaintiff Alex Sr. and handcuffed him; and

2.      Defendants forced Plaintiff Alex Sr. into a Marion County Sheriff's Department patrol vehicle.

94.

Defendants' conduct was an intentional, voluntary act, which caused unpermitted harmful and offensive contact with Plaintiff Alex Sr.

95.

Each of the actions described in paragraph 93 were performed by the Defendants while they were on duty, in uniform, carrying a badge and a weapon, and driving a marked Marion County Sheriff's Department patrol vehicle or City of Salem Fire Department vehicle.

/ / /

/ / /

/ / /

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 28 - FIRST AMENDED  COMPLAINT

96.

As a result of the course of conduct by Defendants, Plaintiff Alex Sr. has suffered mental, physical, and emotional damage.  The extent of Plaintiff Alex Sr.'s damages will be more fully determined at trial.

### ELEVENTH CLAIM FOR RELIEF: Assault
**Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County**

97.

Plaintiff Alex Sr. realleges paragraphs 1 through 96 as if more fully set forth herein.

98.

Oregon law mandates that all public employees be sued through their employer the public entity.  Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

99.

Plaintiff Alex Sr. alleges that on or about July 25, 2009, he was subject to assault by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12, in the following manner:

1.    Defendants physically threatened Plaintiff Alex Sr. with deadly force by pointing a gun at him;

2.    Defendants verbally threatened Plaintiff Alex Sr. with deadly force by telling him that if he moved, Defendants would shoot him;

3.    Defendants grabbed Plaintiff Alex Sr. and handcuffed him; and

4.    Defendants forced Plaintiff Alex Sr. into the patrol car.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 29 - FIRST AMENDED  COMPLAINT

100.

This conduct was intended to cause hostile contact with Plaintiff Alex Sr., and placed Plaintiff Alex Sr. in extreme fear and caused great and serious physical and emotional damage

101.

Each of the incidents described in paragraph 99 above were conducted by Defendants while they were on duty, in uniform, carrying a badge and weapon, and driving a marked Marion County Sheriff's Department patrol vehicle or City of Salem Fire Department vehicle.

102.

As a result of the course of conduct by Defendants, Plaintiff Alex Sr. suffered physical, mental, and emotional damage. The extent of Plaintiff Alex Sr.'s damage will be more fully determined at trial.

**TWEVLTH CLAIM FOR RELIEF: Intentional Infliction of Emotional Distress**
**Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County**

103.

Plaintiff Alex Sr. realleges paragraphs 1 through 102 as if more fully set forth herein.

104.

Oregon law mandates that all public employees be sued through their employer the public entity. Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

/ / /

/ / /

/ / /

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

105.

Plaintiff Alex Sr. alleges that on or about July 25, 2009, he was subject to intentional infliction of emotional distress by Defendants Lucca, Lane, Hunter, Beaver, Watkin, and Does #1-12 in the following manner:

1.    Defendants aimed a gun at Plaintiff Alex Sr. and threatened him with deadly force;

2.    Defendants threw Plaintiff Alex Sr.'s pregnant daughter-in-law to the ground in Plaintiff Alex Sr.'s view and presence; and

3.    Defendants physically harmed and verbally assaulted Plaintiff Alex Sr.'s wife, daughters, son, and daughter-in-law in Plaintiff Alex Sr.'s view and presence.

106.

Defendants' conduct was outrageous in the extreme and Defendants acted intentionally to inflict severe emotional distress.

107.

Each of the actions described in paragraph 105 above were conducted by Defendants while they were on duty, in uniform, carrying a badge and weapon, and driving a marked Marion County Sheriff's Department patrol car or City of Salem Fire Department vehicle.

108.

As a result of Defendants' actions, Plaintiff Alex Sr. suffered severe emotional distress, including depression and anxiety.  The extent of Plaintiff Alex Sr.'s damages will be more fully proven at trial.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 31 - FIRST AMENDED  COMPLAINT

**PLAINTIFF LIDIA BISTRIKA**

**THIRTEENTH CLAIM FOR RELIEF: Arrest without Probable Cause**
**42 U.S.C. § 1983 Violation of 4th and 14th Amendment by Defendants Hunter, Lucca,**
**Beaver, Lane, Watkin, Does #1-12**

109.

Plaintiff Lidia realleges paragraphs 1 through 109 as if more fully set forth herein.

110.

Plaintiff is entitled to be free from unlawful seizure and confinement of her person

pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.

111.

The acts and omissions of Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does

#1-12 in grabbing Plaintiff Lidia by her arm, forcing her to answer questions, handcuffing her,

and forcing her into the patrol vehicle, when no evidence of criminal activity nor of present

danger to the officers or to others was present, violated Plaintiff Lidia's protected rights and were

an extreme and excessive seizure of her person without probable cause, were objectively

unreasonable based on the totality of the circumstances and amounted to deliberate indifference

to Plaintiff Lidia's protected rights.  Defendants violated the requirements of the 4th and 14th

Amendment rights held by Plaintiff Lidia to the integrity of her person and her right to be free

from unlawful confinement.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 32 - FIRST AMENDED  COMPLAINT

112.

The specific acts of Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12 individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

1.    Defendant Lucca shouted, "You are all under arrest!" creating reasonable apprehension that force would be used to effectuate confinement, which was objectively unreasonable under the circumstances;

2.    Defendants handcuffed Plaintiff Lidia and forced her into the patrol car, such action was objectively unreasonable under the circumstances presented to the officers including, without limitation, that at the time she was handcuffed and forced into the patrol car, there was no evidence that she was a present danger to the officers or to others present nor that she had committed any crimes; and

3.    There was no need or probable cause basis to arrest Plaintiff Lidia under the circumstances then present.  The circumstances then present did not warrant the use of force of the detention of individuals.

113.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

114.

As a result of the Constitutional violations, Plaintiff Lidia suffered serious physical and emotional injuries. The extent of Plaintiff Lidia's damages will be more fully proven at trial.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 33 - FIRST AMENDED  COMPLAINT

**FOURTEENTH CLAIM FOR RELIEF: Unconstitutional Use of Force**
**42 U.S.C. § 1983 Violation of 4th and 14th Amendment by Defendants Hunter, Lucca,**
**Beaver, Lane, Watkin, and Does #1-12**
**Unreasonable Use of Force**

115.

Plaintiff Lidia realleges paragraphs 1 through 114 as if more fully set forth herein.

116.

Plaintiff is entitled to be free from unlawful seizure of his person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.  Plaintiff is also entitled to be safe and secure from undue and unreasonable force.

117.

The acts and omissions of Defendant Lucca and Lane in grabbing Plaintiff Lidia by the arm and not releasing her when Plaintiff Svetlana requested that she be released, in slamming Plaintiff Lidia against the patrol vehicle, and in handcuffing her when no evidence of present danger to the officers or others was present violated Plaintiff Lidia's protected rights and were an excessive seizure of her person without probable cause, were objectively unreasonable based on the totality of the circumstances and amounted to deliberate indifference to Plaintiff Lidia's protected rights.  Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Lidia to the integrity of her person and her right to be free from excessive unconstitutional use of force.

/ / /

/ / /

/ / /

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 34 - FIRST AMENDED  COMPLAINT

118.

The specific actions of Defendants Lucca, Lane, Beaver, Hunter, Watkin, and Does #1-12 individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

1.    The officers grabbed Plaintiff Lidia by the upper arm and would not release her, which was objectively unreasonable under the circumstances presented to the officers including, without limitation, that the officers knew or had reason to know that Plaintiff Lidia presented no clear and imminent danger to themselves or others and had not committed any crimes;

2.    The officers slammed Plaintiff Lidia's head against the hood of the patrol vehicle to the point of disorientation, which was objectively unreasonable under the circumstances presented to the officers, including, without limitation, that no weapons were visible on her person, and she was significantly shorter and lighter than the officers;

3.    The officers knew or should have known that Plaintiff Lidia should not have been taken into custody and that any use of force was per se unreasonable and that actions utilizing significantly less force could have been used effectively to detain Plaintiff Lidia;

4.    The officers failed to utilize an objectively reasonable assessment of the facts when they decided to throw Plaintiff Lidia against the hood of the patrol vehicle to the point where she was so mentally impaired as to seem intoxicated, and ultimately used excessive force against Plaintiff Lidia, even after she was handcuffed and not presenting any objective danger to themselves or others; and

5.    None of the officers attempted to use a degree of force less than excessive physical force and the choice to use such lesser degree of force was objectively reasonable under

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 35 - FIRST AMENDED  COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

the circumstances, especially considering that there was no need for *any* level of force under the circumstances, nor did any of the officers present attempt to stop the unconstitutional use of force by other officers.

119.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

120.

As a result of the violations of the Constitutional standards set forth herein, Plaintiff Lidia suffered serious and significant physical injuries, including going into diabetic shock as a result of the stress of the situation, and emotional and mental trauma. The extent of Plaintiff Lidia's damage will be more fully proven at trial.

## FIFTEENTH CLAIM FOR RELIEF: Malicious Prosecution
### 42 U.S.C. § 1983 Violation of the 4th and 14th Amendments by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12

121.

Plaintiff Lidia realleges paragraphs 1 through 121 as if more fully set forth herein.

122.

Plaintiff is entitled to be free from initiation of criminal proceedings from an improper motive and without probable cause pursuant to the parameters of the 4th and 14th Amendments of the United States Constitution.  Plaintiff Lidia was charged with various crimes, which were dismissed.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

123.

The acts and omissions of Defendants Hunter, Lucca, Beaver, Lane, and Does #1-12, in charging Plaintiff Lidia will various criminal charges when no evidence of probable cause existed to prosecute the action, violated Plaintiff Lidia's protected rights and were objectively unreasonable based on the totality of the circumstances, and amounted to deliberate indifference to Plaintiff Lidia's protected rights.  Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Lidia to be free from malicious prosecution.

124.

The specific acts of Defendants Hunter, Lane, Lucca, Beaver, Watkin, and Does #1-12, individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

1.      Plaintiff Lidia was taken into custody by Defendants when no evidence of present danger to the officers or to others was present; and

2.      Plaintiff Lidia was charged with various criminal activities without probable cause, and the commencement of the proceedings arose from an improper motive and with a primary purpose other than that of securing an adjudication of the claim.

125.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law, but was illegal per se.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 37 - FIRST AMENDED  COMPLAINT

126.

As a result of these Constitutional violations, Plaintiff Lidia suffered physical, emotional and mental injury.  The extent of Plaintiff Lidia's damages will be more fully proven at trial.

## SUPPLEMENTAL STATE CLAIMS

### SIXTEENTH CLAIM FOR RELIEF: Malicious Prosecution
### Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County

127.

Plaintiff Lidia reallages paragraphs 1 through 126 as if more fully set forth herein.

128.

Oregon law mandates that all public employees be sued through their employer the public entity.  Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

129.

Plaintiff Lidia alleges that on or about July 25, 2009, she was subject to malicious prosecution by the above-named defendants in the following manner:

1.      Plaintiff Lidia was charged with Interfering with a Peace Officer, Resisting Arrest, and Disorderly Conduct; and

2.      All charges were almost immediately dropped against Plaintiff Lidia by the above-named defendants.

130.

Defendants' conduct was instituted by defendants with malice, as there was no criminal action on the behalf of Plaintiff that needed to be brought to justice.  Defendants acted with a

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

subjective intent to cause the harm of Plaintiff Lidia by subjecting Plaintiff Lidia to an unjustifiable prosecution.

131.

As a result of Defendants' conduct, Plaintiff Lidia incurred mental anguish, inconvenience, embarrassment, and humiliation.  The extent of Plaintiff Lidia's damages will be more fully determined at trial.

## SEVENTEENTH CLAIM FOR RELIEF: Battery
**Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-20, City of Salem and County**

132.

Plaintiff Lidia realleges paragraphs 1 through 131 as if more fully set forth herein.

133.

Oregon law mandates that all public employees be sued through their employer the public entity.  Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

134.

Plaintiff Lidia alleges that on or about July 25, 2009, she was subject to battery by Defendants Hunter, Lucca, Lane, Beaver, and Does #1-20, in the following manner:

1.    Defendants grabbed Plaintiff Lidia by the arm and refused to release her;

2.    Defendants handcuffed Plaintiff Lidia and forced her into the patrol car;

3.    Defendants slammed Plaintiff Lidia's head against the patrol car to the point of severe disorientation; and

4.    Defendants performed medical procedures on Plaintiff Lidia without her consent that left her bruised, significantly injured, and placed her at risk for blood clots.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

135.

Defendants' conduct was an intentional, voluntary act, which caused unpermitted harmful and offensive contact with Plaintiff Lidia.

136.

Each of the actions described in paragraph 134 were performed by the Defendants while they were on duty, in uniform, carrying a badge and a weapon, and driving a marked Marion County Sheriff's Department patrol vehicle, a City of Salem Fire Department vehicle, or an ambulance.

137.

As a result of the course of conduct by Defendants, Plaintiff Lidia has suffered severe mental, physical, and emotional damage.  The extent of Plaintiff Lidia's damages will be more fully determined at trial.

**EIGHTEENTH CLAIM FOR RELIEF: Assault**
**Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-20, City of Salem, and County**

138.

Plaintiff Lidia realleges paragraphs 1 through 137 as if more fully set forth herein.

139.

Plaintiff Lidia alleges that on or about July 25, 2009, she was subject to assault by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12, in the following manner;

1.    Defendants grabbed Plaintiff Lidia by the arm and refused to release her;

2.    Defendants handcuffed Plaintiff Lidia and forced her into a patrol vehicle;

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

3.      Defendants slammed Plaintiff Lidia's head onto the hood of a patrol vehicle to the point of disorientation;

4.      Defendants hit Plaintiff Lidia's head on the patrol vehicle while forcing her into the vehicle; and

5.      Defendants disregarded Plaintiff Lidia's request for certain medical treatment, instead performing unauthorized treatment.

140.

This conduct was intended to cause hostile contact with Plaintiff Lidia, and placed Plaintiff Lidia in extreme fear and caused great and serious physical and emotional damage.

141.

Each of the incidents described in paragraph 139 above were conducted by Defendants while they were on duty, in uniform, carrying a badge and weapon, and driving a marked Marion County Sheriff's Department patrol vehicle, a City of Salem Fire Department vehicle, or an ambulance.

142.

As a result of the course of conduct by Defendants, Plaintiff Lidia suffered severe mental, physical, and emotional damage.  The extent of Plaintiff Lidia's damage will be more fully set forth at trial.

**NINETEENTH CLAIM FOR RELIEF: Intentional Infliction of Emotional Distress**
**Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-20, City of Salem, and County**

143.

Plaintiff Lidia realleges paragraphs 1 through 142 as through fully set forth herein.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 41 - FIRST AMENDED  COMPLAINT

144.

Oregon law mandates that all public employees be sued through their employer the public entity.  Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

145.

Plaintiff Lidia alleges that on or about July 25, 2009, she was subject to intentional infliction of emotional distress by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-20, in the following manner:

1.      Defendants physically and verbally harmed Plaintiff Lidia;

2.      Defendants physically and verbally harmed Plaintiff Lidia's husband, daughters, son, and daughter-in-law, in Plaintiff Lidia's view and presence; and

3.      Defendants willfully ignored Plaintiff Lidia's requests for certain, specific medical care, causing her extreme emotional anxiety and harm.

146.

Defendants' conduct was outrageous in the extreme and Defendants acted intentionally to inflict severe emotional distress.

147.

Each of the incidents described in paragraph 145 above were conducted by Defendants while they were on duty, in uniform, carrying a badge and weapon, and driving a marked Marion County Sheriff's Department patrol car, a City of Salem Fire Department vehicle, or an ambulance.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 42 - FIRST AMENDED  COMPLAINT

148.

As a result of Defendants' actions, Plaintiff Lidia suffered severe emotional distress, including depression and anxiety.  The extent of Plaintiff Lidia's damages will be more fully proven at trial.

**TWENTIETH CLAIM FOR RELIEF:  Negligence**
**Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-20, County, and City of Salem**

149.

Plaintiff Lidia realleges paragraphs 1 through 148 as if more fully set forth herein.

150.

Oregon law mandates that all public employees be sued through their employer the public entity.  Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

151.

Plaintiff Lidia alleges that the actions by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-20, were negligent and a violation of the standard of care in one or more of the following particulars:

1.      Defendants failed to adequately monitor Plaintiff Lidia's physical condition, resulting in her going into diabetic shock and arriving at the police station unconscious;

2.      Defendants failed to timely treat Plaintiff Lidia's medical condition, resulting in her becoming unconscious from diabetic shock while in the patrol car on the way to the police station;

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 43 - FIRST AMENDED  COMPLAINT

3.    Defendants failed to allow Plaintiff Lidia her requested medical treatment of liquid and glucose, instead transporting her to a hospital and leaving her in the psychiatric ward, amounting to patient abandonment and exposing her to the risk of future harm;

4.    Defendants failed to heed Plaintiff Lidia's request of starting an IV in her upper arm instead of her hand, thereby knowingly putting her at significant risk for blood clots; and

5.    Defendants failed to take adequate safety precautions in treating Plaintiff Lidia and did not use any sort barrier protection, such as latex gloves, when using needles and other potentially hazardous equipment and materials.

152.

As a result of the negligence of defendants named herein, Plaintiff Lidia has to date incurred suffered physical harm, pain, mental anguish and emotional distress.  The extent of Plaintiff Lidia's damages will be more fully proven at trial.

## PLAINTIFF SVETLANA BISTRIKA

### TWENTY-FIRST CLAIM FOR RELIEF: Arrest without Probable Cause
**42 U.S.C. § 1983 Violation of 4th and 14th Amendment by Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County**

153.

Plaintiff Svetlana realleges paragraphs 1 through 152 as if more fully set forth herein.

154.

Plaintiff is entitled to be free from unlawful seizure and confinement of her person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 44 - FIRST AMENDED  COMPLAINT

155.

The acts and omissions of Defendants Hunter, Lucca, Beaver, Lane, and Does #1-12 in handcuffing Plaintiff Svetlana, forcing her in the patrol car, and performing a pat-down to her person, when no evidence of present danger to the officers or to others was present or evidence that Plaintiff Svetlana had committed any crimes, violated Plaintiff Svetlana's protected rights and were an extreme and excessive seizure of her person without probable cause, were objectively unreasonable based on the totality of the circumstances and amounted to deliberate indifference to Plaintiff Svetlana's protected rights. Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Svetlana to the integrity of her person and her right to be free from unlawful arrest.

156.

The specific acts of Defendants Hunter, Lucca, Beaver, Lane, and Does #1-12 individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

1. Defendant Lucca shouted, "You are all under arrest!" creating reasonable apprehension that force would be used to effectuate confinement, which was objectively unreasonable under the circumstances;

2. Defendant Lucca ordered that Plaintiff Svetlana be arrested, and such action was objectively unreasonable under the circumstances presented to the officers including, without limitation, that at the time Defendant Lucca ordered the arrest, Plaintiff Svetlana was standing next to Plaintiff Alex Sr., quietly trying to explain in Russian what was happening, and she had not committed any crimes;

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 45 - FIRST AMENDED COMPLAINT

3.      Defendant Hunter handcuffed Plaintiff Svetlana, and such action was objectively unreasonable under the circumstances presented to the officers including, without limitation, that at the time Defendant Hunter handcuffed Plaintiff Svetlana, she had been standing next to her father, speaking quietly in Russian, and there was no evidence that she was a present danger to the officers or to others present; and

4.      There was no need to arrest Plaintiff Svetlana under the circumstances then present.  The circumstances then present did not warrant the use of force against her or the detention of individuals.

157.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

158.

As a result of the Constitutional violations, Plaintiff Svetlana suffered serious physical injuries, emotional trauma, and mental anguish.  The extent of Plaintiff Svetlana's damages will be more fully proven at trial.

**TWENTY-SECOND CLAIM FOR RELIEF: Unconstitutional Use of Force**
**42 U.S.C. § 1983 Violation of 4th and 14th Amendment by Defendants Hunter, Lucca,**
**Beaver, Lane, Watkin, Does #1-12, and County**
**Unreasonable Use of Force**

159.

Plaintiff Svetlana realleges paragraphs 1 through 158 as if more fully set forth herein.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

160.

Plaintiff is entitled to be free from unlawful seizure of her person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.  Plaintiff is also entitled to be safe and secure from undue and unreasonable force.

161.

The acts and omissions of grabbing and handcuffing Plaintiff Svetlana, and forcing her into the patrol vehicle, when no evidence of present danger to the officers or others was present violated Plaintiff Svetlana's protected rights and were an excessive seizure of her person without probable cause, were objectively unreasonable based on the totality of the circumstances and amounted to deliberate indifference to Plaintiff Svetlana's protected rights.  Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Svetlana to the integrity of her person and her right to be free from excessive unconstitutional use of force.

162.

The specific actions of Defendants Lucca, Hunter, Beaver, Lane, Watkin, and Does #1-12 individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

1.      The officers grabbed Plaintiff Svetlana and handcuffed her, which was objectively unreasonable under the circumstances presented to the officers including, without limitation, that Plaintiff Svetlana was standing quietly next to her father at the time she was grabbed, and the officers knew or had reason to know that Plaintiff Svetlana presented no clear and imminent danger to themselves or others, and that she had not committed any crimes;

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

2.      The officers knew or should have known that Plaintiff Svetlana could have been taken into custody without any use of force or that actions utilizing significantly less force could have been used effectively to detain Plaintiff Svetlana;

3.      The officers failed to utilize an objectively reasonable assessment of the facts when they decided to grab and handcuff Plaintiff Svetlana, and ultimately used excessive force against Plaintiff Svetlana, as Plaintiff Svetlana was not presenting any objective danger to themselves or others;

4.      Defendant Lane performed a sexually charged pat-down without probable cause, which included touching Plaintiff Svetlana on and around her hips, under her shirt, and fondling her breasts under her bra;

5.      Defendant Lane violently forced Plaintiff Svetlana into the patrol car; and

6.      None of the officers attempted to use a degree of force less than excessive physical force and the choice to use such lesser degree of force was objectively reasonable under the circumstances, especially considering that there was no need for any level for force under the circumstances nor did any of the officers attempt to prevent other officers from using excessive force.

163.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 48 - FIRST AMENDED  COMPLAINT

164.

As a result of the violations of the Constitutional standards set forth herein, Plaintiff Svetlana suffered physical, emotional, and mental injury. The extent of Plaintiff Svetlana's damages will be more fully proven at trial.

## SUPPLEMENTAL STATE CLAIMS

### TWENTY-THIRD CLAIM FOR RELIEF: Battery
**Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County**

165.

Plaintiff Svetlana realleges paragraphs 1 through 164 as if more fully set forth herein.

166.

Oregon law mandates that all public employees be sued through their employer the public entity. Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

167.

Plaintiff Svetlana alleges that on or about July 25, 2009, she was subject to battery by Defendants Hunter, Lucca, Lane, Beaver, Watkin, and Does #1-12, in the following manner:

1.      Defendants grabbed Plaintiff Svetlana while she was standing next to her father;

2.      Defendants handcuffed Plaintiff Svetlana and forced her into a patrol vehicle;

3.      Defendant Lane sexually abused Plaintiff Svetlana by performing a sexually charged pat-down, which included touching under Plaintiff Svetlana's shirt, over and around her hips, and fondling her breasts under her bra.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 49 - FIRST AMENDED  COMPLAINT

168.

Defendants' conduct was an intentional, voluntary act, which caused unpermitted, harmful and offensive contact with Plaintiff Svetlana.

169.

Each of the actions described in paragraph 167 above were performed by the Defendants while they were on duty, in uniform, carrying a badge and a weapon, and driving a marked Marion County Sheriff's Department patrol vehicle or a City of Salem Fire Department vehicle.

170.

As a result of the course of conduct by Defendants, Plaintiff Svetlana has suffered severe mental, physical, and emotional damage.  The extent of Plaintiff Svetlana's damages will be more fully determined at trial.

**<u>TWENTY-FOURTH CLAIM FOR RELIEF: Assault</u>**
**Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County**

171.

Plaintiff Svetlana realleges paragraphs 1 through 170 as if more fully set forth herein.

172.

Oregon law mandates that all public employees be sued through their employer the public entity.  Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

173.

Plaintiff Svetlana alleges that on or about July 25, 2009, she was subject to assault by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12, in the following manner:

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 50 - FIRST AMENDED  COMPLAINT

1.      Defendants grabbed Plaintiff Svetlana while she was standing next to her father;

2.      Defendants handcuffed Plaintiff Svetlana and forced her into a patrol vehicle;

3.      Defendant Lane performed a sexually charged pat-down on Plaintiff Svetlana, which included touching over and around her hips, under her shirt, and fondling her breasts under her bra.

174.

This conduct was intended to cause hostile contact with Plaintiff Svetlana, and placed Plaintiff Svetlana in extreme fear and caused physical and emotional damage.

175.

Each of the incidents described in paragraph 173 above were conducted by Defendants while they were on duty, in uniform, carrying a badge and weapon, and driving a marked Marion County Sheriff's Department patrol vehicle or City of Salem Fire Department vehicle.

176.

As a result of the course of conduct by Defendants, Plaintiff Svetlana suffered physical, mental, and emotional damage. The extent of Plaintiff Svetlana's damage will be more fully determined at trial.

**TWENTY-FIFTH CLAIM FOR RELIEF: Intentional Infliction of Emotional Distress**
**Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County**

177.

Plaintiff Svetlana realleges paragraphs 1 through 176 as if more fully set forth herein.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

178.

Oregon law mandates that all public employees be sued through their employer the public entity. Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

179.

Plaintiff Svetlana alleges that on or about July 25, 2009, she was subject to intentional infliction of emotional distress by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12 in the following manner:

1.    Defendants physically, sexually, and verbally harmed Plaintiff Svetlana; and

2.    Defendants physically and verbally harmed Plaintiff Svetlana's mother, father, sister, brother, and sister-in-law, in Plaintiff Svetlana's view and presence.

180.

Defendant's conduct was outrageous in the extreme and Defendants acted intentionally to inflict severe emotional distress.

181.

Each of the incidents described in paragraph 179 above were conducted by Defendants while they were on duty, in uniform, carrying a badge and weapon, and driving a marked Marion County Sheriff's Department patrol car or a City of Salem Fire Department vehicle.

182.

As a result of Defendants' actions, Plaintiff Svetlana suffered severe emotional distress. The extent of Plaintiff Svetlana's damages will be more fully proven at trial.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 52 - FIRST AMENDED  COMPLAINT

## PLAINTIFF TETIANA BISTRIKA

### TWENTY-SIXTH CLAIM FOR RELIEF: Arrest without Probable Cause
### 42 U.S.C. § 1983 Violation of the 4th and 14th Amendment by Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County

183.

Plaintiff Tetiana realleges paragraphs 1 through 182 as if more fully set forth herein.

184.

Plaintiff is entitled to be free from unlawful seizure and confinement of her person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.

185.

The acts and omissions of Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12, in stating that Plaintiff Tetiana was under arrest, grabbing her by her arms, throwing her to the ground, jerking her back up from the ground, attempting to handcuff her, when no evidence of criminal activity was present and no evidence of present danger to the officers or to others present existed, violated Plaintiff Tetiana's protected rights and were an extreme and excessive seizure of her person without probable cause, were objectively unreasonable based on the totality of the circumstances and amounted to deliberate indifference to Plaintiff Tetiana's protected rights. Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Tetiana to the integrity of her person and her right to be free from unlawful arrest.

186.

The specific acts of Defendants Hunter, Lucca, Beaver, Lane, and Does #1-12 individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

1.      Defendant Lucca shouted, "You are all under arrest!" creating reasonable apprehension that force would be used to effectuate confinement, which was objectively unreasonable under the circumstances;

2.      Defendant Lane jerked Plaintiff Tetiana from the ground and pulled her arms behind her in an attempt to handcuff her, which was objectively unreasonable under the circumstances presented to the officers including, without limitation, that she was six months pregnant and no weapons were visible on her person; and

3.      Defendants attempted to control Plaintiff Tetiana's movements by restraining her by putting a knee on her back while her hands were behind her.

187.

There was no need to arrest Plaintiff Tetiana under the circumstances then present.  The circumstances then present did not warrant the use of force of the detention of individuals.

188.

As a result of the Constitutional violations, Plaintiff Tetiana suffered serious physical injury and emotional trauma.  The extent of Plaintiff Tetiana's damages will be more fully proven at trial.

**TWENTY-SEVENTH CLAIM FOR RELIEF: Unconstitutional Use of Force**
**42 U.S.C. § 1983 Violation of 4th and 14th Amendment by Defendants Hunter, Lucca,**
**Beaver, Lane, Watkin, Does #1-12, and County**
**Unreasonable Use of Force**

189.

Plaintiff Tetiana realleges paragraphs 1 through 188 as if more fully set forth herein.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 54 - FIRST AMENDED  COMPLAINT

190.

Plaintiff is entitled to be free from unlawful seizure of her person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution. Plaintiff is also entitled to be safe and secure from undue and unreasonable force.

191.

The acts and omissions of Defendants in grabbing Plaintiff Tetiana, throwing her to the ground, jerking her back up from the ground, pulling her arms behind her, and holding her to the ground by putting a knee to her back, when no evidence of criminal activity was present and no present danger to the officers or others was present violated Plaintiff Tetiana's protected rights and were an excessive seizure of her person without probable cause, were objectively unreasonable based on the totality of the circumstances and amounted to deliberate indifference to Plaintiff Tetiana's protected rights. Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Tetiana to the integrity of her person and her right to be free from excessive unconstitutional use of force.

192.

The specific actions of Defendants Lucca, Lane, Beaver, Hunter, Watkin, and Does #1-12, individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

1.      The officers grabbed Plaintiff Tetiana threw her to the ground, which was objectively unreasonable under the circumstances presented to the officers including, without limitation, that Plaintiff Tetiana had been standing at or about twenty feet away from the officers at the time of the attack, next to her husband, visibly pregnant, and the officers knew or had

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

reason to know that Plaintiff Tetiana presented no clear and imminent danger to themselves or others;

2.    The officers jerked Plaintiff Tetiana up from the ground, which was objectively unreasonable under the circumstances presented to the officers, including, without limitation, that Plaintiff Tetiana was visibly pregnant, and was presenting no threat to the officers or others;

3.    The officers knew or should have known that Plaintiff Tetiana could have been taken into custody without any use of force or that actions utilizing significantly less force could have been used effectively to detain Plaintiff Tetiana;

4.    The officers failed to utilize an objectively reasonable assessment of the facts when they decided to throw Plaintiff Tetiana to the ground, jerk her back up from the ground, and ultimately used excessive force against Plaintiff Tetiana;

5.    None of the officers attempted to use a degree of force less than excessive physical force and the choice to use such lesser degree of force was objectively reasonable under the circumstances, especially considering that there was no need for *any* level of force under the circumstances; and

6.    As Plaintiff Tetiana had committed no crimes, any use of force was excessive per se.

193.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 56 - FIRST AMENDED  COMPLAINT

194.

As a result of the violations of the Constitutional standards set forth herein, Plaintiff Tetiana suffered physical and emotional injuries. The extent of Plaintiff Tetiana's damage will be more fully proven at trial.

## SUPPLEMENTAL STATE CLAIMS

### TWENTY-EIGHTH CLAIM FOR RELIEF: Battery
### Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County

195.

Plaintiff Tetiana realleges paragraphs 1 through 194 as if more fully set forth herein.

196.

Oregon law mandates that all public employees be sued through their employer the public entity. Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

197.

Plaintiff Tetiana alleges that on or about July 25, 2009, she was subject to battery by Defendants Hunter, Lucca, Lane, Beaver, Watkin, and Does #1-12, in the following manner:

1.      Defendants grabbed Plaintiff Tetiana and threw her to the ground;

2.      Defendants jerked Plaintiff Tetiana up from the ground, and pulled her arms behind her back in the beginning of an attempt to arrest her; and

3.      Defendants attempted to hold Plaintiff Tetiana to the ground by putting a knee on her back.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 57 - FIRST AMENDED COMPLAINT

198.

Defendants' conduct was an intentional, voluntary act that caused unpermitted harmful and offensive contact with Plaintiff Tetiana.

199.

Each of the actions described in paragraph 198 was performed by the Defendants while they were on duty, in uniform, carrying a badge and a weapon, and driving a marked Marion County Sheriff's Department patrol vehicle or a City of Salem Fire Department vehicle.

200.

As a result of the course of conduct by Defendants, Plaintiff Tetiana has suffered physical, mental, and emotional damage. The extent of Plaintiff Tetiana's damages will be more fully determined at trial.

### TWENTY-NINTH CLAIM FOR RELIEF: Assault
**Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County**

201.

Plaintiff Tetiana realleges paragraphs 1 through 200 as if more fully set forth herein.

202.

Oregon law mandates that all public employees be sued through their employer the public entity.  Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

203.

Plaintiff Tetiana alleges that on or about July 25, 2009, she was subject to assault by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12, in the following manner:

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 58 - FIRST AMENDED  COMPLAINT

1.      Defendants grabbed Plaintiff Tetiana and threw her to the ground;

2.      Defendants jerked Plaintiff Tetiana up from the ground and pulled her arms behind her; and

3.      Defendants attempted to arrest Plaintiff Tetiana by holding her to the ground.

204.

This conduct was intended to cause hostile contact with Plaintiff Tetiana, and placed Plaintiff Tetiana in extreme fear and caused great and serious physical and emotional damage.

205.

Each of the incidents described in paragraph 204 above were conducted by Defendants while they were on duty, in uniform, carrying a badge and weapon, and driving a marked Marion County Sheriff's Department patrol vehicle or City of Salem Fire Department vehicle.

206.

As a result of the course of conduct by Defendants, Plaintiff Tetiana suffered mental, physical, and emotional damage.  The extent of Plaintiff Tetiana's damage will be more fully proven at trial.

## THIRTIETH CLAIM FOR RELIEF: Intentional Infliction of Emotional Distress
### Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County

207.

Plaintiff Tetiana realleges paragraph 1 through 206 as if more fully set forth herein.

/ / /

/ / /

/ / /

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 59 - FIRST AMENDED COMPLAINT

208.

Oregon law mandates that all public employees be sued through their employer the public entity.  Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

209.

Plaintiff Tetiana alleges that on or about July 25, 2009, she was subject to intentional infliction of emotional distress by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12, in the following manner:

1.    Defendants physically and verbally harmed Plaintiff Tetiana while she was pregnant; and

2.    Defendants physically and verbally harmed Plaintiff Tetiana's husband, mother- and father-in-law, and sisters-in-law, in Plaintiff Tetiana's view and presence.

210.

Defendants' conduct was outrageous in the extreme and Defendants acted intentionally to inflict severe emotional distress.

211.

Each of the incidents described in paragraph 210 above were conducted by Defendants while they were on duty, in uniform, carrying a badge and weapon, and driving a marked Marion County Sheriff's Department patrol car or a City of Salem Fire Department vehicle.

212.

As a result of Defendants' actions, Plaintiff Tetiana suffered severe emotional distress. The extent of Plaintiff Tetiana's damages will be more fully proven at trial.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 60 - FIRST AMENDED  COMPLAINT

**PLAINTIFF OLGA BISTRIKA**

**THIRTY-FIRST CLAIM FOR RELIEF: Arrest without Probable Cause**
**42 U.S.C. § 1983 Violation of 4th and 14th Amendment by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12**

213.

Plaintiff Olga realleges paragraphs 1 through 212 as if more fully set forth herein.

214.

Plaintiff is entitled to be free from unlawful seizure and confinement of her person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.

215.

The acts and omissions of Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12, in first verbally confining Olga, then handcuffing her, and forcing her into a patrol vehicle, when no evidence of the commission of a crime or of present danger to the officers or to others was present, violated Plaintiff Olga's protected rights and were an extreme and excessive seizure of her person without probable cause, were objectively unreasonable based on the totality of the circumstances, and amounted to deliberate indifference to Plaintiff Olga's protected rights. Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Olga to the integrity of her person and her right to be free from unlawful arrest.

216.

The specific acts of Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12, individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

1.      Defendant Lucca shouted, "You are all under arrest!" creating reasonable apprehension that force would be used to effectuate confinement, which was objectively unreasonable under the circumstances;

2.      Defendant Lane told Plaintiff Olga, "Shut the f*** up and back off. You're next," creating reasonable apprehension that force would be used to effectuate confinement, which was objectively unreasonable under the circumstances presented to the officers including, without limitation, that at that time Plaintiff Olga was asking Defendant Lane to stop hurting her mother, and there was no evidence that she was a present danger to the officers or to others present or that she had committed a crime;

3.      Defendants handcuffed Plaintiff Olga, which was objectively unreasonable under the circumstances presented to the officers including, without limitation, that she was not threatening the officers and no weapons were visible on her person; and

4.      There was no need or right to arrest Plaintiff Olga under the circumstances then present.  The circumstances then present did not warrant the use of force or the detention of individuals.

217.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

218.

As a result of the Constitutional violations, Plaintiff Olga suffered physical, emotional, and mental injury.  The extent of Plaintiff Olga's damages will be more fully proven at trial.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 62 - FIRST AMENDED  COMPLAINT

**THIRTY-SECOND CLAIM FOR RELIEF: Unconstitutional Use of Force**
**42 U.S.C. § 1983 Violation of 4th and 14th Amendment by Defendants Hunter, Lucca,**
**Beaver, Lane, Watkin, and Does #1-12**
**Unreasonable Use of Force**

219.

Plaintiff Olga realleges paragraphs 1 through 218 as if more fully set forth herein.

220.

Plaintiff is entitled to be free from unlawful seizure of her person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.  Plaintiff is also entitled to be safe and secure from undue and unreasonable force.

221.

The acts and omissions of Defendants in grabbing Plaintiff Olga and handcuffing her, when no evidence of present danger to the officers or others was present violated Plaintiff Olga's protected rights and were an excessive seizure of her person without probable cause, were objectively unreasonable based on the totality of the circumstances and amounted to deliberate indifference to Plaintiff Olga's protected rights.  Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Olga to the integrity of her person and her right to be free from excessive unconstitutional use of force.

222.

The specific actions of Defendants Lucca, Lane, Beaver, Hunter, Watkin, and Does #1-12, individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 63 - FIRST AMENDED  COMPLAINT

1.      Defendants grabbed Plaintiff Olga and handcuffed her, which was objectively unreasonable under the circumstances presented to the officers including, without limitation, that Plaintiff Olga was standing away from defendants and asking them to stop hurting her mother, and defendants knew or had reason to know that Plaintiff Olga presented no clear and imminent danger to themselves or others;

2.      Defendants knew or should have known that Plaintiff Olga could have been taken into custody without any use of force or that actions utilizing significantly less force could have been used effectively to detain Plaintiff Olga;

3.      Defendants failed to utilize an objectively reasonable assessment of the facts when they decided to grab Plaintiff Olga and handcuff her, and ultimately used excessive force against Plaintiff Olga;

4.      None of the defendants attempted to use a degree of force less than excessive physical force and the choice to use lesser degree of force was objectively reasonable under the circumstances, especially considering that there was no need for *any* level of force under the circumstances; and

5.      As Plaintiff Olga had not committed any crimes, any use of force was unreasonable per se.

223.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 64 - FIRST AMENDED COMPLAINT

224.

As a result of the violations of the Constitutional standards set forth herein, Plaintiff Olga suffered significant physical, mental, and emotional injuries.  The extent of Plaintiff Olga's damage will be more fully proven at trial.

### SUPPLEMENTAL STATE CLAIMS

### THIRTY-THIRD CLAIM FOR RELIEF: Battery
### Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County

225.

Plaintiff Olga realleges paragraphs 1 through 224 as if more fully set forth herein.

226.

Oregon law mandates that all public employees be sued through their employer the public entity.  Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officers.

227.

Plaintiff Olga alleges that on or about July 25, 2009, she was subject to battery by Defendants Hunter, Lucca, Lane, Beaver, Watkin, and Does #1-12, in the following manner:

1.      Defendants grabbed Plaintiff Olga, and handcuffed her; and

2.      Defendants forced Plaintiff Olga into a patrol vehicle, hitting Plaintiff Olga's knee in the process.

228.

Defendants' conduct was an intentional, voluntary act that caused unpermitted harmful and offensive contact with Plaintiff Olga.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 65 - FIRST AMENDED  COMPLAINT

229.

Each of the actions described in paragraph 227 were performed by the Defendants while they were on duty, in uniform, carrying a badge and a weapon, and driving a marked Marion County Sheriff's Department patrol vehicle or a City of Salem Fire Department vehicle.

230.

As a result of the course of conduct by Defendants, Plaintiff Olga has suffered physical, mental, and emotional damage.  The extent of Plaintiff Olga's damages will be more fully determined at trial.

### THIRTY-FOURTH CLAIM FOR RELIEF: Assault
**Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, County**

231.

Plaintiff Olga realleges paragraphs 1 through 230 as if more fully set forth herein.

232.

Oregon law mandates that all public employees be sued through their employer the public entity.  Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

233.

Plaintiff Olga alleges that on or about July 25, 2009, she was subject to assault by Defendants Hunter, Lucca, Beaver, Lane, and Does #1-12, in the following manner:

1.    Defendants told her, "Shut the f*** up and back off. You're next."

2.    Defendants grabbed Plaintiff Olga, and handcuffed her; and

3.    Defendants forced Plaintiff Olga into a patrol vehicle.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 66 - FIRST AMENDED  COMPLAINT

234.

This conduct was intended to cause hostile contact with Plaintiff Olga, and placed Plaintiff Olga in extreme fear and caused physical and emotional damage.

235.

Each of the incidents described in paragraph 233 above were conducted by Defendants while they were on duty, in uniform, carrying a badge and weapon, and driving a marked Marion County Sheriff's Department patrol vehicle or City of Salem Fire Department vehicle.

236.

As a result of the course of conduct by Defendants, Plaintiff Olga suffered physical, mental, and emotional damage.  The extent of Plaintiff Olga's damages will be more fully proven at trial.

**THIRTY-FIFTH CLAIM FOR RELIEF: Intentional Infliction of Emotional Distress**
**Defendants Hunter, Lucca, Beaver, Lane, Watkin, Does #1-12, and County**

237.

Plaintiff Olga realleges paragraphs 1 through 236 as if more fully set forth herein.

238.

Plaintiff Olga alleges that on or about July 25, 2009, she was subject to intentional infliction of emotional distress by Defendants Hunter, Lucca, Beaver, Lane, Watkin, and Does #1-12, in the following manner;

1.      Defendants physically and verbally harmed Plaintiff Olga; and

2.      Defendants physically and verbally harmed Plaintiff Olga's father, mother, sister, brother, and sister-in-law, in Plaintiff Olga's view and presence.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 67 - FIRST AMENDED  COMPLAINT

239.

Defendants' conduct was outrageous in the extreme and Defendants acted intentionally to inflict severe emotional distress.

240.

Each of the incidents described in paragraph 238 above were conducted by Defendants while they were on duty, in uniform, carrying a badge and weapon, and driving a marked Marion County Sheriff's Department patrol vehicle or a City of Salem Fire Department vehicle.

241.

As a result of Defendants' actions, Plaintiff Olga suffered severe emotional distress. The extent of Plaintiff Olga's damages will be more fully proven at trial.

WHEREFORE Plaintiffs Alex Jr., Alex Sr., Lidia, Olga, Svetlana, and Tetiana request that this Court grant judgment as follows:

1.    Judgment against Defendants for economic damages in an amount to be proven at trial;

2.    Judgment against Defendants for non-economic damages in an amount to be proven at trial;

3.    Judgment against Defendants for punitive damages in a fair and reasonable amount to be proven at trial;

4.    Judgment against Defendants for deterrence damages in a fair and reasonable amount to be proven at trial; and

5.    Judgment for costs, interest, attorney fees and such other and further relief as the Court deems just and equitable.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

DATED this January 25, 2011

Respectfully submitted,


/s/ Michelle R. Burrows
Michelle R Burrows OSB86160
618 NW Glisan Suite 203
Portland OR, 97209
503-241-1955

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

Page 69 - FIRST AMENDED  COMPLAINT